UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MAERSK OIL TRADING INC.,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:23CV00951 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **B&G FUTURES INC., et al,** | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the Court on Plaintiff's affidavit explaining its failure to timely serve co-defendant Chirag Vyas. Doc. 25. The Court finds Plaintiff's explanation insufficient. Therefore, this matter is dismissed without prejudice as to Mr. Vyas.

  The instant complaint was filed on May 10, 2023. Fed. R. Civ. P. 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 90 days after the complaint is filed, on our about August 9, 2023. On November 29, 2023, this Court show caused Plaintiff to explain why service had not been completed within the requirements of Fed. R. Civ. P. 4(m) and to file an affidavit so explaining. Doc. 23. Plaintiff timely submitted its affidavit for this Court's review.

  In the event that a Plaintiff fails to serve a defendant within 90 days after the complaint is filed, "the district court must dismiss the action without prejudice or order that proper service be made. See Fed R. Civ. P. 4(m). But if the plaintiff shows good cause for the deficient service, the district court must extend the time for service. *Id.*" *Savoie v. City of E. Lansing*, 2022 U.S. App. LEXIS 23854 (6th Cir. August 24, 2022).

  Plaintiff's affidavit indicates that prior to the 90 day deadline, it attempted service via a

private investigator, only to conclude that they had served the wrong individual. However, this information is not noted on the docket. It was not until August 24, 2023, after the 90 day deadline, that Plaintiff finally filed a praecipe for issuance of summons. It is unclear what transpired between May 22, 2023, when they determined they had the wrong individual, and August 24, 2023 when they finally issued notice of service.[1] Upon review, the Court concludes that Plaintiff has failed to show good cause for the deficient service. Accordingly, this matter is dismissed as to Mr. Vyas without prejudice.

**IT IS SO ORDERED.**

| | |
|---|---|
| **December 6, 2023** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |

---

1 Despite Fed.R. 4, Plaintiff has continued to attempt service through November 29, 2023. Doc. 25. On September 12, 2023, Plaintiff identified a Michigan address for Mr. Vyas, but subsequent service attempts failed. Doc. 25. Plaintiff then learned that Mr. Vyas potentially moved to Arkansas. Doc. 25. Despite learning that Mr. Vyas was no longer at the Michigan address, Plaintiff avers that it mailed a written request to the Clerk's office to serve Mr. Vyas via ordinary mail at that address. Doc. 25. This request is not noted on the docket. In their most recent filing, the parties indicate that Mr. Vyas' participation is necessary in this case to move forward with discovery. Plaintiff is aware that Mr. Vyas no longer resides at the given address, and therefore even service by ordinary mail will not achieve the necessary result: Mr. Vyas' participation in this case.